**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| WILLIAM D. TURNER,<br><br>Plaintiff,<br><br>v.<br><br>DR. LAUREL R. HARRY, *et al.*,<br><br>Defendants. | No. 4:26-CV-01495<br><br>(Chief Judge Brann) |

**MEMORANDUM OPINION**

**SEPTEMBER 30, 2026**

Plaintiff William D. Turner lodged this *pro se* Section 1983[1] lawsuit in June 2026, alleging constitutional violations at the State Correctional Institution in Frackville, Pennsylvania (SCI Frackville), related to his medical care. The Court will dismiss Turner's complaint under 28 U.S.C. § 1915A(b)(1) because he fails to state a claim upon which relief may be granted.

## I. BACKGROUND

Turner avers that he suffers from osteoarthritis in his hips and shoulder.[2] He first alleges that in May 2025, he was charged co-payments for medical appointments on May 1, May 12, and May 29.[3] He maintains that these

---

[1] 42 U.S.C. § 1983. Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).

[2] *See* Doc. 1 ¶¶ 7, 14, 15, 17, 19, 20.

[3] *Id.* ¶ 13.

appointments were "follow up" visits and that he should not have been charged a co-pay for them under Pennsylvania Department of Corrections (DOC) policy.[4]

Turner filed a formal grievance (#1153326) on June 20, 2025, requesting, *inter alia*, a refund of his co-payments.[5] Lisa Quercia, who Turner asserts is a registered nurse, responded to this grievance.[6] She explained to Turner that while arthritis may be a chronic issue for him, "it is not one of the DOC['s] chronic care conditions" for which he would be seen twice a year in the chronic care clinic (presumably without paying a co-pay).[7] Thus, Quercia concluded, the co-pays charged for his three May 2025 medical visits complied with DOC policy.[8]

Turner does not state whether he appealed this initial grievance denial, although he implies that he received an appeal denial in October 2025.[9] Instead, he jumps to April 1, 2026, when he attended another sick call appointment for arthritis and a rash.[10] Turner again appears to believe that this visit should have been classified as a "follow up" and thus he should not have been charged a co-payment.[11] He wrote a request to staff member (form DC-135A) directed to CHCA Beth Herb disputing the co-pay charge, and Herb responded that the April 1

---

4 *See id.* ¶¶ 13, 14.
5 Doc. 1-3.
6 *See* Doc. 1-4.
7 *Id.* at 1.
8 *Id.*
9 *See* Doc. 1 ¶¶ 4, 19.
10 *Id.* ¶ 11.
11 *Id.* ¶¶ 11, 12.

appointment "was not a follow up app[ointment]t ordered by the provider"; rather, Turner had signed up for sick call and was charged a co-pay in accordance with DOC policy.[12]

Turner raises two Section 1983 claims in his lawsuit: a Fourteenth Amendment claim alleging deprivation of property without due process of law and an Eighth Amendment claim alleging deliberate indifference to serious medical needs.[13] He seeks declaratory and injunctive relief, as well as monetary damages.[14]

## II. STANDARDS OF REVIEW

Courts are statutorily obligated to review, "as soon as practicable," *pro se* prisoner complaints targeting governmental entities, officers, or employees.[15] One basis for dismissal at the screening stage is if the complaint "fails to state a claim upon which relief may be granted[.]"[16] This language closely tracks Federal Rule of Civil Procedure 12(b)(6). Accordingly, courts apply the same standard to screening a *pro se* prisoner complaint for sufficiency under Section 1915A(b)(1) as they utilize when resolving a motion to dismiss under Rule 12(b)(6).[17]

---

12 *See* Doc. 1-1.

13 *See* Doc. 1 ¶¶ 21-22. Turner purports to assert a third cause of action, stating that Defendants "violated the State and Federal constitution." *See id.* ¶ 23. He does not provide any explanation or clarification as to this conclusory and duplicative claim, so the Court will not address it.

14 *See id.* at pp. 10-11.

15 *See* 28 U.S.C. § 1915A(a).

16 *Id.* § 1915A(b)(1).

17 *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109-10 & n.11 (3d Cir. 2002); *O'Brien v. U.S. Fed. Gov't*, 763 F. App'x 157, 159 & n.5 (3d Cir. 2019) (per curiam) (nonprecedential); *cf. Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000).

In deciding a Rule 12(b)(6) motion to dismiss, courts should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."[18] The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff.[19] In addition to the facts alleged on the face of the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents.[20]

When the sufficiency of a complaint is challenged, the court must conduct a three-step inquiry.[21] At step one, the court must "tak[e] note of the elements [the] plaintiff must plead to state a claim."[22] Second, the court should distinguish well-pleaded factual allegations—which must be taken as true—from mere legal conclusions, which "are not entitled to the assumption of truth" and may be disregarded.[23] Finally, the court must review the presumed-truthful allegations

---

[18] *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *see Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996).

[19] *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).

[20] *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).

[21] *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotation marks omitted) (footnote omitted).

[22] *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (alterations in original)).

[23] *Id.* (quoting *Iqbal*, 556 U.S. at 679).

"and then determine whether they plausibly give rise to an entitlement to relief."[24] Deciding plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[25]

Because Turner proceeds *pro se*, his pleadings are to be liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]"[26] This is particularly true when the *pro se* litigant, like Turner, is incarcerated.[27]

## III. DISCUSSION

The primary claim in Turner's complaint is that he was allegedly charged co-payments for medical visits without proper notice and in violation of DOC policy, thereby infringing his Fourteenth Amendment due process rights. He also raises a secondary claim under the Eighth Amendment involving purportedly deficient medical care. Neither claim survives Section 1915A(b)(1) scrutiny.

### A. Fourteenth Amendment Deprivation of Property Claim

Turner's first claim alleges Fourteenth Amendment deprivation of property without due process of law.[28] This constitutional tort, however, has significantly

24 *Id.* (quoting *Iqbal*, 556 U.S. at 679).
25 *Iqbal*, 556 U.S. at 681.
26 *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citations omitted).
27 *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (citation omitted).
28 *See Hudson v. Palmer*, 468 U.S. 517 530, 533 (1984).

limited application. Specifically, such a due process claim is unavailable when "adequate state post-deprivation remedies are available."[29]

Turner's complaint is silent as to whether adequate state post-deprivation remedies exist for the co-payments that he asserts were wrongfully assessed. However, the Court observes that state tort law likely provides a remedy for a claim like Turner is asserting.[30] The United States Court of Appeals for the Third Circuit has also held that the prison grievance process constitutes an adequate post-deprivation remedy for claims like those asserted here, even if the plaintiff disagrees with the results.[31] Turner, in fact, avers that he filed a grievance about this issue, thereby availing himself of state post-deprivation remedies.

Accordingly, any Fourteenth Amendment deprivation-of-property claim alleging that a Defendant (1) wrongfully assessed a co-pay or denied Turner a refund; (2) misclassified Turner as not having a "chronic" condition (and thus requiring a co-pay); or (3) violated DOC policy regarding which type of medical visits required a co-pay fails as a matter of law. Those claims must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

---

29 *Id.* at 533.

30 *See* 42 PA. CONS. STAT. § 8522(a), (b)(3) (waiving state statutory sovereign immunity for negligent acts related to the "care, custody or control of personal property in the possession or control of Commonwealth parties"); *Cruz v. SCI-SMR Dietary Servs.*, 566 F. App'x 158, 160 (3d Cir. 2014) (nonprecedential) (noting that district court correctly dismissed Fourteenth Amendment due process property deprivation claim due to existence of state post-deprivation remedies); *see also Shonberger v. Oswell*, 530 A.2d 112, 114 (Pa. Super. Ct. 1987) (explaining intentional tort of conversion).

31 *See Tillman v. Lebanon Cnty. Corr. Facility*, 221 F.3d 410, 422 (3d Cir. 2000).

### B. Eighth Amendment Medical Indifference Claim

In the context of prison medical care, the Eighth Amendment "requires prison officials to provide basic medical treatment to those whom it has incarcerated."[32] To state an Eighth Amendment deliberate indifference claim regarding inadequate medical care, a plaintiff must plausibly allege that "(1) he had a serious medical need, (2) the defendants were deliberately indifferent to that need; and (3) the deliberate indifference caused harm to the plaintiff."[33] A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention."[34]

Deliberate indifference by prison officials may be evidenced by intentional refusal to provide care known to be medically necessary, delayed provision of medical treatment for non-medical reasons, denial of prescribed medical treatment, or denial of reasonable requests for treatment resulting in suffering or risk of injury.[35] Deliberate indifference to serious medical needs is an exacting standard,

---

32 *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999).

33 *Durham v. Kelley*, 82 F.4th 217, 229 (3d Cir. 2023) (citation omitted); *see also Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003).

34 *Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987).

35 *See Durmer v. O'Carroll*, 991 F.2d 64, 68 & n.11 (3d Cir. 1993) (quoting *Lanzaro*, 834 F.2d at 346).

requiring a showing of "unnecessary and wanton infliction of pain."[36] Claims sounding in mere medical negligence will not suffice.[37]

The Court will assume, without deciding, that Turner has stated a serious medical need with respect to his hip and shoulder arthritis. Nevertheless, any Eighth Amendment medical indifference claim fails as to the other elements.

It is difficult to ascertain from Turner's *pro se* complaint exactly what conduct he believes violated his Eighth Amendment rights. Clearly, Turner was receiving substantial medical care while detained at SCI Frackville, as documented in his complaint and the attached medical records. As best as the Court can tell, Turner seems to be alleging that he was denied medical treatment that was recommended for his osteoarthritis. Specifically, Turner alleges that it was "recommended" that he have a "CT/MRI" and this testing was never ordered.[38]

Turner's claim fails, however, because he does not plausibly allege deliberate indifference by any named Defendant, nor does he plausibly allege that any Defendant's deliberate indifference caused him harm. Nowhere in his complaint does Turner allege that a CT scan or MRI was prescribed by a medical provider and a named Defendant ignored or denied that prescribed treatment.

---

36 *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (citation omitted).
37 *Rouse*, 182 F.3d at 197.
38 *See* Doc. 1 ¶¶ 5, 9, 15, 19, 20; Doc. 1-7; Doc. 1-8.

In fact, in the attached x-ray records on which Turner relies, it explicitly states, "Please note that CT/MRI are more sensitive for the detection of radiographically occult fractures and in the setting of trauma *may be considered for further evaluation if deemed clinically appropriate*."[39] The shoulder x-ray report likewise states, "If the patient has persistent pain or a radiographically occult fracture is clinically suspected, a follow-up radiographic evaluation in 10-14 days, MRI, or CT scan *could be considered*."[40] These x-ray reports merely suggest that a medical provider may consider other testing options if that provider determines that such testing is clinically appropriate or necessary.

In sum, Turner has not plausibly alleged that any Defendant knowingly denied prescribed treatment or was otherwise deliberately indifferent to his serious medical needs. Nor has he plausibly alleged that any Defendant's deliberate indifference caused him harm. Nevertheless, it is possible that Turner could amend his pleading to include additional facts regarding his allegedly deficient medical treatment at SCI Frackville. The Court will therefore grant Turner leave to amend his Eighth Amendment medical indifference claim.

**C. Leave to Amend**

Generally, "plaintiffs who file complaints subject to dismissal under [the Prison Litigation Reform Act of 1995] should receive leave to amend unless

---

39 Doc. 1-7 (emphasis added).
40 Doc. 1-8 (emphasis added).

amendment would be inequitable or futile."[41] The Court will grant limited leave to amend. The Court will deny leave to amend the Fourteenth Amendment deprivation-of-property claim, as amendment would be futile.[42] Because adequate post-deprivation remedies exist for Turner's claim (including potential state law tort claims and the DOC's grievance process), he has not and cannot plausibly state a claim of deprivation of property without due process of law. This claim will therefore be dismissed with prejudice.

If Turner chooses to file an amended complaint in conformity with this Memorandum, it should be a stand-alone document, complete in itself and without reference to any previous pleadings. The amended complaint should set forth his Eighth Amendment medical indifference claim or claims in short, concise, and plain statements, and in sequentially numbered paragraphs. Turner must leave one-inch margins on all four sides of his pleading.[43] Any exhibits or documents he wishes to present should be attached to his amended complaint.

Turner *may not* include claims that have been dismissed with prejudice. Thus, he may not include allegations related to his Fourteenth Amendment deprivation-of-property claim, as that claim is being dismissed with prejudice. He

---

41 *Grayson*, 293 F.3d at 114.

42 *See Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) ("'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." (citation omitted)); *Centifanti v. Nix*, 865 F.2d 1422, 1431 (3d Cir. 1989) ("[T]he district court may properly deny leave to amend where the amendment would not withstand a motion to dismiss.").

43 *See* LOCAL RULE OF COURT 5.1.

must name proper defendants and specify the offending actions taken by a particular defendant. He must also sign the amended complaint and indicate the nature of the relief sought.

If Turner does not timely file an amended complaint, dismissal of any Section 1983 claims without prejudice will automatically convert to dismissal with prejudice and the Court will close this case.

## IV. CONCLUSION

Based on the foregoing, the Court will dismiss Turner's complaint pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted. Limited leave to amend will be provided. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge