**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| WILLIAM D. TURNER,<br><br>Plaintiff,<br><br>v.<br><br>DR. LAUREL R. HARRY, *et al.*,<br><br>Defendants. | No. 4:26-CV-01495<br><br>(Chief Judge Brann) |

**MEMORANDUM OPINION**

**NOVEMBER 18, 2026**

Plaintiff William D. Turner lodged this *pro se* Section 1983[1] lawsuit in June 2026, alleging constitutional violations related to his medical care at the State Correctional Institution in Frackville, Pennsylvania (SCI Frackville). The Court dismissed Turner's initial complaint under 28 U.S.C. § 1915A(b)(1) for failure to state a claim but granted him leave to amend. Turner filed an amended complaint, but it does not cure his fundamental pleading deficiencies. The Court will therefore dismiss this case with prejudice.

## I. BACKGROUND

In his initial complaint, Turner primarily complained about being charged inappropriate co-pays for several medical visits. He also appeared to allege that

---

[1] 42 U.S.C. § 1983. Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).

his medical care was constitutionally deficient. The Court screened Turner's complaint as mandated by 28 U.S.C. § 1915A(a) and found that he had failed to plausibly state a Fourteenth Amendment claim of deprivation of property without due process of law or an Eighth Amendment claim of deliberate indifference to serious medical needs.[2] The Court dismissed with prejudice his Fourteenth Amendment deprivation-of-property claims and granted him leave to amend his Eighth Amendment medical care allegations.[3]

Turner timely filed an amended complaint, in which he asserts Eighth Amendment claims of deliberate indifference to serious medical needs against seven defendants.[4] He sues Secretary of Corrections Dr. Laurel R. Harry; "Doctor Jane/John Doe" with the Bureau of Health Care Services (BHCS); Jay Cowan, MD; CHCA Beth Herb; RN Lisa Quercia; PA Kyle Mummey; and Dr. Wiegand.[5] He seeks compensatory and punitive damages.[6]

## II. STANDARDS OF REVIEW

Courts are statutorily obligated to review, "as soon as practicable," *pro se* prisoner complaints targeting governmental entities, officers, or employees.[7] One basis for dismissal at the screening stage is if the complaint "fails to state a claim

---

2 *See* Doc. 13 at 5-9.
3 *See id.* at 10-11; Doc. 14 ¶¶ 1-3.
4 *See generally* Doc. 17.
5 *Id.* ¶¶ 2-8.
6 *Id.* ¶¶ 30-31.
7 *See* 28 U.S.C. § 1915A(a).

upon which relief may be granted[.]"[8] This language closely tracks Federal Rule of Civil Procedure 12(b)(6). Accordingly, courts apply the same standard to screening a *pro se* prisoner complaint for sufficiency under Section 1915A(b)(1) as they utilize when resolving a motion to dismiss under Rule 12(b)(6).[9]

In deciding a Rule 12(b)(6) motion to dismiss, courts should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."[10] The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff.[11] In addition to the facts alleged on the face of the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents.[12]

When the sufficiency of a complaint is challenged, the court must conduct a three-step inquiry.[13] At step one, the court must "tak[e] note of the elements [the]

---

8 *Id.* § 1915A(b)(1).

9 *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109-10 & n.11 (3d Cir. 2002); *O'Brien v. U.S. Fed. Gov't*, 763 F. App'x 157, 159 & n.5 (3d Cir. 2019) (per curiam) (nonprecedential); *cf. Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000).

10 *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *see Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996).

11 *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).

12 *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).

13 *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotation marks omitted) (footnote omitted).

plaintiff must plead to state a claim."[14] Second, the court should distinguish well-pleaded factual allegations—which must be taken as true—from mere legal conclusions, which "are not entitled to the assumption of truth" and may be disregarded.[15] Finally, the court must review the presumed-truthful allegations "and then determine whether they plausibly give rise to an entitlement to relief."[16] Deciding plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[17]

Because Turner proceeds *pro se*, his pleadings are to be liberally construed and his amended complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]"[18] This is particularly true when the *pro se* litigant, like Turner, is incarcerated.[19]

## III. DISCUSSION

Turner alleges that he has "polyarthropathy" (also known as polyarthritis) and that this condition is chronic.[20] Although his allegations are difficult to follow, he appears to contend that several medical providers at SCI Frackville violated the Eighth Amendment by acting with deliberate indifference toward his serious

---

[14] *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (alterations in original)).
[15] *Id.* (quoting *Iqbal*, 556 U.S. at 679).
[16] *Id.* (quoting *Iqbal*, 556 U.S. at 679).
[17] *Iqbal*, 556 U.S. at 681.
[18] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citations omitted).
[19] *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (citation omitted).
[20] *See* Doc. 17 ¶¶ 10, 11, 17; Doc. 17-2; Doc. 17-3.

medical needs. Turner, however, fails to plausibly plead the high bar of deliberate indifference for any Defendant.

### A. Personal Involvement

It is well established that, in Section 1983 actions, liability cannot be "predicated solely on the operation of *respondeat superior*."[21] Rather, a Section 1983 plaintiff must aver facts that demonstrate "the defendants' personal involvement in the alleged misconduct."[22] Personal involvement can include direct wrongful conduct by a defendant, but it can also be demonstrated through allegations of "personal direction" or of "actual knowledge and acquiescence"; however, such averments must be made with particularity.[23] Furthermore, it is equally settled that involvement in the post-incident grievance process alone does not give rise to Section 1983 liability.[24]

The first shortcoming in Turner's amended complaint is that he fails to plausibly allege personal involvement for multiple Defendants. His only allegation with respect to Superintendent Harry is that Harry "over[sees] all operations and

---

21 *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (affirming same principle in *Bivens* context).

22 *Dooley*, 957 F.3d at 374 (citing *Rode*, 845 F.2d at 1207).

23 *Id.* (quoting *Rode*, 845 F.2d at 1207).

24 *See id.* (affirming dismissal of claims against prison officials for lack of personal involvement when officials' "only involvement" was "their review and denial of [plaintiff]'s grievance"); *Lewis v. Wetzel*, 153 F. Supp. 3d 678, 696-97 (M.D. Pa. 2015) (collecting cases); *Brooks v. Beard*, 167 F. App'x 923, 925 (3d Cir. 2006) (nonprecedential); *Alexander v. Gennarini*, 144 F. App'x 924, 925 (3d Cir. 2005) (nonprecedential) (explaining that prisoner's claims against certain defendants were "properly dismissed" because the allegations against them "merely assert their involvement in the post-incident grievance process").

policies[] relating to the Department of Corrections" and "had to be notif[ied] by staff."[25] This general, broad statement is a quintessential claim of *respondeat superior* (or vicarious liability) for the conduct of officials at SCI Frackville, which liability does not apply in Section 1983 litigation.

Next, as to RN Quercia and Dr. "Jane/John Doe" (BHCS),[26] Turner's only allegation is that these medical providers participated in the prison grievance process.[27] Yet it is well settled that participation in the post-incident grievance process is not equivalent to personal involvement in a constitutional violation.

To plausibly plead a Section 1983 claim, Turner must specify each Defendant's personal involvement in the alleged constitutional misconduct in order to state a claim against them. He does not do so for three of the seven named Defendants. Accordingly, the Court must dismiss any Section 1983 claim against Secretary Harry, RN Quercia, and Dr. "Jane/John Doe" (BHCS) pursuant to 28 U.S.C. § 1915A(b)(1) for lack of personal involvement.

---

[25] Doc. 17 ¶ 13.

[26] To the extent that Turner is attempting to sue the Department of Corrections' Bureau of Health Care Services itself (and not an unidentified physician at the BHCS), that claim would fail because the BHCS is not a "person" subject to Section 1983 liability. *See Rehberg v. Paulk*, 566 U.S. 356, 361 (2012) (emphasis added) (citing *Imbler v. Pachtman*, 424 U.S. 409, 417 (1976) (citing 42 U.S.C. § 1983)); *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973) (holding that "New Jersey Prison Medical Department" is a state agency and not a "person" under Section 1983); *Foye v. Wexford Health Sources Inc.*, 675 F. App'x 210, 215 (3d Cir. 2017) (nonprecedential) (dismissing Section 1983 claims against prison and Department of Corrections because they "are not persons subject to suit under" Section 1983).

[27] *See* Doc. 17 ¶¶ 15, 17.

### B. Eighth Amendment Medical Indifference Claim

In the context of prison medical care, the Eighth Amendment "requires prison officials to provide basic medical treatment to those whom it has incarcerated."[28] To state an Eighth Amendment deliberate indifference claim regarding inadequate medical care, a plaintiff must plausibly allege that "(1) he had a serious medical need, (2) the defendants were deliberately indifferent to that need; and (3) the deliberate indifference caused harm to the plaintiff."[29] A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention."[30]

Deliberate indifference by prison officials may be evidenced by intentional refusal to provide care known to be medically necessary, delayed provision of medical treatment for non-medical reasons, denial of prescribed medical treatment, or denial of reasonable requests for treatment resulting in suffering or risk of injury.[31] Deliberate indifference to serious medical needs is an exacting standard,

---

28 *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999).

29 *Durham v. Kelley*, 82 F.4th 217, 229 (3d Cir. 2023) (citation omitted); *see also Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003).

30 *Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987).

31 *See Durmer v. O'Carroll*, 991 F.2d 64, 68 & n.11 (3d Cir. 1993) (quoting *Lanzaro*, 834 F.2d at 346).

requiring a showing of "unnecessary and wanton infliction of pain."[32] Claims sounding in mere medical negligence will not suffice.[33]

The Court will assume, without deciding, that Turner has stated a serious medical need with respect to his chronic polyarthritis. Nevertheless, any Eighth Amendment medical indifference claim plainly fails with respect to the other elements.

In Turner's amended complaint, he provides one paragraph of allegations for each Defendant he sues.[34] As noted above, however, Turner has not plausibly alleged personal involvement for Dr. Harry, RN Quercia, or Dr. "Jane/John Doe" (BHCS). It thus follows that Turner has failed to allege deliberate indifference to his serious medical needs or causation for these three Defendants, as they played no role in his medical care.

Turning to his remaining claims against CHCA Herb, PA Mummey, Dr. Cowan, and Dr. Weigand, Turner's amended complaint does not plausibly allege deliberate indifference by any of these Defendants, nor does he plead that any Defendant's deliberate indifference caused him harm. The Court will review the allegations against each medical provider in turn.

---

32 *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (citation omitted).
33 *Rouse*, 182 F.3d at 197.
34 *See* Doc. 17 ¶¶ 13, 15-20.

As to CHCA Herb, Turner alleges that this health care administrator somehow had "full knowledge of [his] medical record" back to 2015, and that she "elected to disregard Turner's pain and suffering" by taking "a year" to send him out for treatment for the polyarthritis in his hips and shoulder.[35] This conclusory allegation does not plausibly plead deliberate indifference. First, Turner does not provide any factual allegations explaining how CHCA Herb would have "full knowledge" of his (or any other inmate's) medical history for over a decade simply due to her administrative position. Second, CHCA Herb is not a medical provider; she is a health care administrator.[36] Yet Turner, who was clearly under the care of multiple medical providers at SCI Frackville, has not plausibly alleged why CHCA Herb would have reason to believe that he was being mistreated or not treated by those providers and thus chargeable with the scienter necessary for an Eighth Amendment medical indifference claim.[37] Third, Turner has not plausibly alleged that CHCA Herb played any role in his medical care or would have authority to prescribe outside medical treatment, which appears to be what Turner wanted his medical providers to do.[38]

---

35 *Id.* ¶ 16.

36 *See Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004) (noting that nonmedical prison officials are not "chargeable with the Eighth Amendment scienter requirement of deliberate indifference" unless they have a reason to believe (or actual knowledge) that prison doctors or other medical staff are mistreating or not treating a prisoner).

37 *See id.*

38 *See* Doc. 17 ¶¶ 19, 22, 28.

As to PA Mummey, Turner alleges only that PA Mummey saw him on one occasion (during "sick call" on May 29, 2025), and purportedly "disregarded" what was told to him by Turner and what was previously "diagnose[d]" (*i.e.*, arthritis and a rash).[39] In no way does this overly broad, conclusory allegation regarding treatment on one occasion plausibly allege "unnecessary and wanton infliction of pain" that would establish an Eighth Amendment violation by PA Mummey.

Turner next alleges that he was told during "consultations" and "sick calls" that Dr. Cowan "was the reason for all the delays in [his] medical treatment."[40] Turner further speculates, without plausible factual support, that Dr. Cowan "allowed [his] pain and suffering to continue" and caused a one-year delay in Turner being sent for outside care for his shoulder.[41] These allegations are entirely conclusory and do not plausibly allege that Dr. Cowan had knowledge of Turner's medical issues, played any role in Turner's treatment, or acted with deliberate indifference to Turner's medical needs.

Finally, Turner alleges that during one sick-call appointment on April 1, 2026, Dr. Weigand disagreed with Turner about whether his visit was considered a follow-up appointment.[42] That is, Turner asserts that he was seen in "follow up" for his shoulder, hip pain, and a rash, but Dr. Weigand told him "there is no follow

---

39 *Id.* ¶ 18.
40 *Id.* ¶ 19.
41 *Id.*
42 *Id.* ¶ 20.

up," apparently implying that Turner's sick-call visit was a new visit.[43] This disagreement about the labeling of a medical appointment does not, in any way, implicate deliberate indifference to a serious medical need.

In several other paragraphs near the end of his amended complaint, Turner asserts that all "defendants" collectively took some broad, unconstitutional action.[44] For example, Turner alleges that all Defendants "fully knew what was diagnose[d] by [a] physician relating to arthritis and other medical needs but elected to disregard[] those recommendations[,] causing pain and suffering."[45] He similarly alleges that all Defendants "kept disregarding . . . recommendations" and "doing the same thing with no results," thereby causing "ongoing pain and suffering."[46] Such general allegations, however, do not establish personal involvement by any Defendant. Moreover, they are legal conclusions that may be disregarded.[47]

In sum, Turner has not plausibly alleged that any Defendant acted with deliberate indifference to his chronic polyarthritis or any other serious medical need. That is, he has not plausibly alleged that any Defendant intentionally refused to provide care known to be medically necessary, delayed provision of medical

---

43 *Id.* This allegation appears similar to Turner's claim in his initial complaint that his medical visits were being misclassified and he was being charged with inappropriate co-pay fees. *See* Doc. 13 at 5-6.

44 *See, e.g.*, Doc. 17 ¶¶ 22, 27, 28.

45 *Id.* ¶ 27.

46 *Id.* ¶ 28.

47 *See Connelly*, 809 F.3d at 787.

treatment for non-medical reasons, denied prescribed medical treatment, or denied reasonable requests for treatment resulting in suffering or risk of injury. Nor has Turner plausibly alleged that any Defendant's deliberate indifference caused him harm. His Eighth Amendment medical indifference claims, therefore, must be dismissed pursuant to Section 1915A(b)(1) for failure to state a claim upon which relief may be granted.

### C. Leave to Amend

Generally, "plaintiffs who file complaints subject to dismissal under [the Prison Litigation Reform Act of 1995] should receive leave to amend unless amendment would be inequitable or futile."[48] Further leave to amend will be denied because Turner has failed to cure numerous deficiencies with his pleadings even after "amendments previously allowed."[49] The Court will therefore dismiss this case with prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

## IV. CONCLUSION

Based on the foregoing, the Court will dismiss with prejudice Turner's amended complaint pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted. Further leave to amend will be denied.

---

48 *Grayson*, 293 F.3d at 114.

49 *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (concluding that, where inmate plaintiff "has already had two chances to tell his story," providing "further leave to amend would be futile").

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge